UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 05-109-KSF

ACCEPTANCE INSURANCE CO.                                                                    PLAINTIFF

V.                                    **OPINION & ORDER**

EQUITY INSURANCE MANAGERS, INC.                                                       DEFENDANT

* * * * * * * * * * * * *

This matter is before the Court for consideration of the award of attorneys' fees to defendant Equity Insurance Managers, Inc. ("Equity").

I.    BACKGROUND & PROCEDURAL HISTORY

On cross-motions for summary judgment, the Court ruled that a General Agency Agreement between plaintiff Acceptance Insurance Company ("Acceptance") and Equity obligated Acceptance to indemnify Equity for defense costs incurred in a federal action brought in West Virginia district court. This ruling entitled Equity to its defense costs in the West Virginia federal action. The Court ordered Equity to file a brief and evidence in support of its damages and set a briefing schedule. In connection therewith, Equity filed with the court under seal unredacted copies of legal bills for *in camera* inspection. However, in the copies of legal bills provided to Acceptance, Equity redacted the description of services.

Thereafter, the Court ruled that Equity had to provide to Acceptance unredacted copies of Equity's legal bills and, in order to provide evidence from the other side, that Acceptance was to provide Equity with unredacted copies of Acceptance's legal bills in the West Virginia federal action. The Court also indicated that after further briefing by the parties, it would make a

specific award of attorneys' fees to Equity. This opinion and order addresses that award.

## II.     THE PARTIES' ARGUMENTS

In its opening brief, Equity argues that it should be reimbursed for the entire amount of fees it paid totaling $201,502.03. Equity argues that these fees were "commercially reasonable" – i.e., they were legal bills actually paid in the normal course of business and without any certainty of recovery. Equity further contends that Acceptance cannot argue that the rates charged were either unreasonable or not competitive, as Acceptance itself negotiated and paid those rates when it initially accepted the defense of Equity – Equity simply continued with the same representation that Acceptance had provided, with the same terms and conditions.

Equity also argues that prejudgment interest is warranted under Nebraska law at the statutory rate of 12% per annum. Equity only seeks prejudgment interest from the date of entry of summary judgment in its favor in the West Virginia Federal Action, which totaled approximately $70,289.33 as of March of 2007 and continues at a rate of $66.25 per diem.

In response, Acceptance challenges a number of charges as excessive, unreasonable, redundant, and unrelated to the current case. Some challenges are specific – e.g., challenging charges for cases that have nothing to do with this case – while others are more general – arguing that there were a number of "very general descriptions of work performed over multiple hours." Most of Acceptance's challenges are to bills relating to the firm of Meyer, Unkovic & Scott. Citing 14 examples of repetitive and/or excessive billing, Acceptance argues that Equity's claimed fees should be reduced by 30% to render them reasonable and appropriate.

As for the application of prejudgment interest, Acceptance did not discuss this in its latest brief, but argued in earlier pleadings that Equity is not entitled to prejudgment interest because its

claim is not liquidated, as a reasonable controversy existed as to Equity's right to recovery and the amount. Acceptance further argues that Equity has failed to comply with certain steps specified in the Nebraska statute and thus is ineligible for prejudgment interest.

In further support of its damages claim, Equity points out that Acceptance itself spent over $350,000 in legal fees and expenses in the same litigation. Equity also points out that the bills issued to Acceptance suffer from the same sort of vague and inartful entries as those paid by Equity, but Acceptance paid those without question. Equity also questions Acceptance's application of the 30% figure. When Acceptance was paying the bills of Meyer Unkovic & Scott – the very bills it now criticizes – its auditor found only $500 worth of "duplicative" and "vague entries" in over $30,000 worth of bills. It is unclear, then, why this same firm's bills must now be reduced by 30% to be rendered reasonable.

**II.   DISCUSSION**

    **A.   <u>Fee Award</u>**

As noted in a prior opinion, Nebraska law does not address the particular issue presented – i.e., what standard applies to an award of attorneys' fees when a party refuses to defend and indemnify pursuant to a general agency agreement. Under Nebraska statutory law, a successful litigant in an action for breach of an insurer's duty to defend *in an insurance policy* is entitled to "a reasonable sum as an attorney's fee[,]" Neb. Rev. St. § 44-359, but this case presents slightly different circumstances. Regardless of which standard applies – "commercially reasonable" or a lodestar analysis – the Court is of the opinion that Equity should be awarded the entire amount of its fees, less the entries totaling $326 that are attributable to matters other than the West Virginia federal action.

Under a "commercially reasonable" standard, courts have held that legal bills actually paid in the normal course of business and without any certainty of recovery are presumed to be commercially reasonable and cannot be challenged unless the opposing party shows some type of fraud or collusion. See, e.g., Medcom Holding Co. v. Baxter Travenol Laboratories, Inc., 200 F.3d 518 (7th Cir. 1999) (applying Illinois law). In the present case, Equity actually paid the bills it now seeks to have reimbursed at a time when Acceptance had withdrawn its defense of Equity. Thus, there was no certainty of recovery. Further, Acceptance has not shown any evidence of fraud or collusion between Equity and its counsel. Therefore, the Court finds that the fees paid were commercially reasonable.

The fees are appropriate under a "reasonable attorneys' fees" standard as well. Pursuant to Nebraska law,

> To determine proper and reasonable fees, it is necessary to consider the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services.

Schirber v. State, 581 N.W.2d 873, 875 (Neb. 1998) (citations omitted). In the present case, the West Virginia federal action involved an insurance coverage question that necessitated extensive briefing before the court therein could rule on the matter. This required a great deal of research, as evidenced by *both* parties' legal expenses. The fact that Equity continued with the same counsel and at the same rates originally set by Acceptance is very, very strong evidence of the reasonableness of the rates and there is no evidence that the rates were out of line with the customary charges of the bar for similar services. Further, Acceptance's own legal bills are *de*

*facto* evidence of what Acceptance considered to be appropriate rates and time expenditures for this litigation, and Equity's counsel's figures do not vary substantially from these. Finally, Equity also engaged the services of an auditor to review and critique its legal bills.

It is very interesting that Acceptance now challenges billings by the same law firm that Acceptance originally hired to defend Equity. It also should be noted that the legal bills paid by Acceptance after review and without further question suffer from some of the same infirmities of which it now accuses Equity's counsel. Further, the proposed 30% reduction figure appears to have been pulled out of thin air, as it is not based upon anything in particular in the record. Based on the above, the Court rejects the bulk of Acceptance's arguments and will award Equity its fees in the amount of $201,176.03.

### B. Prejudgment Interest

The parties also disagree over whether prejudgment interest should be awarded. Pursuant to Nebraska law, a party "can recover pre-judgment interest only when the claim is liquidated, that is, when no reasonable controversy exists as to either the [party's] right to recover or the amount." Gerhold Concrete Co. v. St. Paul Fire & Marine Ins. Co., 695 N.W.2d 665, 673 (Neb. 2005). "Where a reasonable controversy exists as to the [party's] right to recover or as to the amount of such recovery, the claim is generally considered to be unliquidated and prejudgment interest is not allowed." Classen v. Becton, Dickinson & Co., 334 N.W.2d 644, 645 (Neb. 1983). Thus, *both* prongs must be met for a claim to be considered liquidated.

While it may be disputed whether a reasonable controversy existed over Equity's right to recover in this case, the Court finds that there was a reasonable controversy as to the amount. An award of attorneys' fees is generally not subject to exact computation. There are variables that

must be considered before the amount of the award is set, so Equity's claim cannot be considered one that was liquidated. Also, since the law in Nebraska is not clear cut as to which standard to apply in this situation, it was not possible to compute the amount of the award with exactness without reliance on opinion or discretion.

## IV. CONCLUSION

Based on the above, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) Equity is awarded its attorneys' fees in the amount of $201,176.03;

(2) prejudgment interest shall not be awarded;

(3) judgment shall be entered separately in favor of Equity; and

(4) this is a final and appealable order and no just cause for delay exists.

This March 3, 2008.



Signed By:

*Karl S. Forester*  KSF

**United States Senior Judge**